IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 3:14cr334-MHT |
| | ) | (WO) |
| CHARNESHA ALEXANDER | ) | |

ORDER

Pending before the court is defendant Charnesha Alexander's motion to modify the restitution payment schedule pursuant to 18 U.S.C. § 3664(k) (doc. no. 230).* Upon consideration of the motion and the government's response (doc. no. 234), it is ORDERED that the motion is denied.

***

The court will not reduce the ordered restitution amount at this time because Alexander has failed to

---

* The court treated Alexander's motion as having been filed under 18 U.S.C. § 3664(k). *See* Order (doc. no. 231). However, the government correctly notes that a challenge to the Inmate Financial Responsibility Program or IFRP payment might also have been brought under 28 U.S.C. § 2241. To the extent Alexander wishes to bring such a challenge, she must do so in the judicial district where she is currently incarcerated--the Northern District of Alabama.

demonstrate a bona-fide change in economic circumstances since the imposition of her sentence. *See Cani v. United States*, 331 F.3d 1210, 1215-16 (11th Cir. 2003).

While Alexander contends that the amount of money the Bureau of Prisons (BOP) requires her to pay towards restitution creates a hardship for her family, Alexander can protect her family by having them reduce the amount of money they send to her in prison.

Should Alexander seek to challenge the amount of her restitution payment under the Inmate Financial Responsibility Program or IFRP, she should follow and exhaust every step the Bureau of Prison's administrative remedy procedures.

DONE, this the 15th day of November, 2019.

                            /s/ Myron H. Thompson
                            **UNITED STATES DISTRICT JUDGE**

---

*See Rumsfeld v. Padilla*, 542 U.S. 426 (2004).